**Augusta G. PRUNCHAK, Plaintiff,**

v.

**Casper WEINBERGER, Secretary of Health, Education and Welfare for the United States of America, Defendant.**

**Civ. No. 73-1342-EC.**

United States District Court,
C. D. California.

Jan. 21, 1974.

Richard E. Satzman, Geffner & Satzman, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., and John L. Guth, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CRARY, District Judge.

Defendant's Motion for Summary Judgment having come on for hearing on December 10, 1973, in the above-entitled Court, before the Honorable E. Avery Crary, United States District Judge, both parties being represented by their respective attorneys of record, and the Court having thoroughly considered the pleadings filed herein, the administrative record, the memoranda submitted, and the oral arguments made, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.

The plaintiff instituted this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, finding that the plaintiff's disability insurance benefits were subject to a reduction or "Workmen's Compensation Off-Set" under Section 224 of the Act, 42 U.S.C. § 424.

2.

This workmen's compensation off-set was based upon a lump sum workmen's compensation settlement in the amount of $7,696.51.

3.

The plaintiff has alleged that certain expenses in the amount of $6,250.00 were improperly included in the computation determining the amount of the workmen's compensation off-set.

4.

The plaintiff also alleges that she was denied due process of law in that the Appeals Council did not conduct its review of the Administrative Law Judge's decision with a hearing in the plaintiff's home area or, in the alternative, provide funds to the plaintiff and her attorney to appear before the Appeals Council in its office at Arlington, Virginia.

5.

The plaintiff's application for a period of disability and for disability insurance benefits was filed on June 15, 1970, alleging that she became disabled in May of 1969 due to a heart attack. This claim was allowed.

6.

On September 22, 1971, the plaintiff was notified that her benefits were to be reduced because of the lump sum workmen's compensation payment of $7,696.-51 and that the reduction was to be prorated at $227.50 a month.

7.

Plaintiff requested a hearing to dispute the amount of the off-set and said hearing was held on April 10, 1972 in Los Angeles, California.

8.

The plaintiff, represented by counsel, appeared and testified at the April 10, 1972 hearing.

9.

The Administrative Law Judge considered the plaintiff's testimony and all the other evidence of record, *de novo*, and on May 28, 1972 issued his decision, finding that the unitemized future medical expenses could not be excluded in computing the off-set and the computation of the Administration was correct.

**154**

**10.**

The Appeals Council granted the plaintiff's request for a review of the Administrative Law Judge's decision, which decision was affirmed by the Appeals Council with modification.

**11.**

The Appeals Council's decision is the final decision of the Secretary of Health, Education and Welfare and is now subject to review by this Court.

## CONCLUSIONS OF LAW

**1.**

This Court has jurisdiction of the parties to this action.

**2.**

This Court has jurisdiction of this action under 42 U.S.C. § 405(g) as amended.

**3.**

■ There is substantial evidence in the record to support the decision of the Secretary that the workmen's compensation off-set to be applied to the plaintiff's disability insurance benefits was properly computed.

**4.**

■ The plaintiff was not denied due process of law by the Secretary in that due process does not require procedures which:

(a) Grant the opportunity for a personal appearance before the Appeals Council in the area of claimant's residence; or

(b) Provides sufficient funds for a claimant and her attorney to appear before the Appeals Council in its home office in Arlington, Virginia.

**5.**

The decision of the Secretary of Health, Education and Welfare must be affirmed in accordance with Section 205(g) of the Act, 42 U.S.C. § 405(g).

**6.**

There is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

**7.**

Judgment should be entered in favor of the defendant, dismissing the plaintiff's Complaint and affirming the decision of the Secretary of Health, Education and Welfare, and awarding to the defendant his costs of suit.