Vito A. LONZOLLO, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, in his capacity as Secretary of the Department of Health Education and Welfare, Defendant-Appellee.

No. 75-1212.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1975.

Decided March 15, 1976.

Frederick J. Daley, Jr., Cook County Legal Asst. Foundation, Harvey, Ill., for plaintiff-appellant.

Samuel K. Skinner, U. S. Atty., Alexander D. Kerr, Jr., Asst. U. S. Atty., Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and PELL and TONE, Circuit Judges.

FAIRCHILD, Chief Judge.

This appeal presents the questions whether an applicant for Disability Insurance Benefits was denied his right to a hearing when the HEW Appeals Council, reversing on *sua sponte* review a decision of an Administrative Law Judge (ALJ) favorable to the applicant, considered evidence that was not presented at the hearing before the ALJ; and whether the applicant should be deemed to have waived an adequate opportunity to refute such evidence. The district court, affirming the decision of the Appeals Council, dismissed the complaint. We reverse.

On October 13, 1971 appellant Lonzollo applied for Disability Insurance Benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. After his application had been twice denied, appellant requested a hearing, as was his right in accordance with 42 U.S.C. § 405(b) and 20 C.F.R. § 404.917. On January 18, 1973, a hearing was held before an Administrative Law Judge in Chicago (appellant's home area). The ALJ found that appellant was disabled as that term is defined in the Social Security Act, beginning on February 16, 1971, as claimed, and that appellant was entitled to disability benefits.

On March 22, 1973 the Appeals Council of the Social Security Administration, HEW, wrote appellant informing him that the Appeals Council, on its own motion, had decided to review the ALJ's decision. The letter stated that the Council wished additional medical evidence and would make arrangements to have appellant examined. The letter invited him to submit further evidence or statement by mail within 20 days, and offered an opportunity to appear in person before the Council in Arlington, Virginia to present oral argument. The time for such argument would be set if he made a request.

Appellant responded by letters objecting to further delay in the proceeding, and asking payment under the ALJ's decision. On May 18, however, appellant appeared at the office of Dr. James W. Erlenborn at Glen

Ellyn, Illinois, apparently pursuant to arrangements initiated by the Appeals Council. Dr. Erlenborn reported, in part, that he could "find no physical findings to explain the patient's symptoms or complaints and his complaints are entirely subjective . . I am unable to make any specific diagnoses at this time."

On July 2, 1973 a member of the Appeals Council wrote appellant stating that the Council had "received additional evidence which we propose to include in the record of your case. This evidence is enclosed for your information and to give you the opportunity to comment upon it if you wish." The evidence referred to was the Erlenborn report, a statement of Dr. Erlenborn's professional qualifications, and material from the file of a VA hospital where Lonzollo had been treated. Appellant responded by letter July 8, 1973, commenting upon parts and disputing parts of the Erlenborn report.

On October 1, 1973, the Appeals Council issued its decision reversing the decision of the ALJ, and denying benefits. It is clear from the text of the decision that the Appeals Council relied on the conclusions expressed by Dr. Erlenborn.

Government counsel does not dispute appellant's right to a hearing. The impact of the due process hearing requirement on Social Security disability benefits is somewhat different from that on the type of benefits involved in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18, 44 U.S.L.W. 4224, 1976. Whatever may be the minimum constitutional requirements, 42 U.S.C. § 405(b) requires the Secretary of HEW to give an applicant an opportunity for a hearing, and, if a hearing is held, to make his decision "on the basis of evidence adduced at the hearing." Government counsel appears to argue that appellant's right to a hearing was fulfilled by appellant's face to face evidentiary hearing before the ALJ. We think the argument untenable because the final decision was based in part on evidence not presented at that hearing, nor at any other hearing as to which appellant had notice and an opportunity to present evidence in rebuttal.

The government contends that oral argument before the appellant body within the administrative decision-making structure is not a matter of right, citing *Prunchak v. Weinberger*, 375 F.Supp. 152 (C.D.Cal.1974). We agree as a general proposition, but find the deficiency in this case to be fact-finding by the appellate tribunal on the basis of evidence not introduced at a hearing. Appellant does assert that he was unable, because of limited resources, to present oral argument in Virginia, or to obtain a representative to do so. His financial inability is plausible under the circumstances, and because of that, as well as the fact that oral argument is different from, and may well be less than, an opportunity to rebut at a hearing, we reject any suggestion that appellant's failure to appear in Virginia was a waiver of his right to have the new evidence presented at a hearing.

The government appears to suggest that furnishing an applicant with a physician's report and an opportunity to comment thereon in writing may be an appropriate method of supplementing the evidence received at a hearing. Indeed similar procedures are often found practicable by the parties, and followed pursuant to agreement of the parties. There was no agreement here. A written report by a licensed physician who has examined the claimant may be received as evidence in a disability hearing, but the claimant has a right to subpoena the physician and cross-examine him concerning the report. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 853 (1971). Doubtless he has the right to produce rebuttal evidence if available. Where the written report is received after the hearing, we could not find waiver of the right to subpoena and cross-examine and to rebut unless the waiver is clearly expressed or strongly implied from the circumstances. We find no waiver here.

The record as it stood before the Appeals Council presented an issue between appel-

lant's testimony of regular and frequent blackouts and pain, preventing his working, in the light of records of medical treatment from time to time, and Dr. Erlenborn's observation of no physical finding to support appellant's subjective complaints. The ALJ, who observed and heard appellant, was impressed with the genuineness of appellant's complaints and found that he was disabled. Especially in the light of these circumstances, the right to have the additional evidence received and possibly rebutted at a hearing cannot be considered inconsequential.

Social Security regulations contemplate supplementation of the evidence after the matter has come to the Appeals Council on review. 20 C.F.R. § 404.943. The evidence is to be received by the Council itself, or before an ALJ or member of the Council designated by the Council. Notice must be given "and the parties shall be given a reasonable opportunity to present evidence which is relevant and material to such matters." There seems to be no reason why the supplementary evidence could not have been heard by the ALJ in the Chicago area so that appellant could be present. See 20 C.F.R. § 404.950, providing that the Appeals Council may remand a case to the ALJ to take further testimony. The letter sent to appellant March 22, 1973 indicated appellant could submit "evidence" and "a further written statement as to the facts and law." The letter sent July 2 invites "comment" on the documents which were to constitute "additional evidence." In our view the opportunity to submit material or comments in writing did not fulfill appellant's right to a decision based on "evidence adduced at the hearing."

Appellant raises an additional issue. One of his physical problems concerned both his feet. The Appeals Council stated that, conceding that "claimant may experience some pain and discomfort, it has not been demonstrated that these problems have resulted in a significant impairment."

Appellant has contended in the district court and here that although the hearing record contains reports from three doctors concerning his foot problems, he had supplied, in connection with his application, "three additional affidavits obtained from the Army concerning his foot impairment." Evidently neither he nor any HEW employee had seen to it that these affidavits were made part of the hearing record. Appellant argues that as a layman he should not be held responsible for determining whether they were included in a series of exhibits marked as a group at the hearing. The government, deeming appellant an adversary at arm's length, argues that it was appellant's business to put into the hearing record the documents he thought should be there.

We find it unnecessary to allocate responsibility in this instance. Since there must be a further administrative hearing, appellant will have the opportunity to offer those documents at the hearing, and he is now forewarned of the importance of doing so if he wants them to be part of the hearing record.

The judgment appealed from is reversed and the cause is remanded to the district court, with directions to reverse the decision of the Secretary (Appeals Council) and to remand the cause for a rehearing.