626 F.2d 591
 Patricia FEATHERSTON and Grace Driver, on behalf of
themselves and all other persons similarly
situated, Plaintiffs-Appellants,
v.
Wayne A. STANTON, Individually and as the Administrator of
the Indiana Department of Public Welfare and Elizabeth
Samkowski, Individually and as the Director of the Marion
County (Indiana) Department of Public Welfare, Defendants-Appellees.
 No. 79-2300.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 11, 1980.
Decided July 29, 1980.
 
 Peter L. Cassady, Indianapolis, Ind., for plaintiffs-appellants.
 Gary L. Shaw, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.
 Before CASTLE, Senior Circuit Judge, and SWYGERT and SPRECHER, Circuit Judges.
 SPRECHER, Circuit Judge.
 
 
 1
 This appeal challenges the sufficiency of the procedures employed by the Indiana Department of Public Welfare in reviewing denials of Medicaid benefits. We find the procedures inadequate in certain respects and reverse the judgment below.I
 
 
 2
 The state of Indiana, through its Department of Public Welfare (DPW), participates in a jointly funded federal-state Medicaid program established by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 to 1396k. As a participating state, Indiana has accepted all of the provisions of the Social Security Act and has agreed to comply with all of the requirements of the Act and its attendant rules and regulations. See Ind. Code § 12-1-2-12. The present appeal consolidates the cases of two classes of plaintiffs, one class challenging the sufficiency of the DPW's procedures for appealing the denial of dental benefits and the other class challenging the procedures for appealing the denial of disability benefits.
 
 
 3
 Plaintiff Patricia Featherston is the representative of the class objecting to the dental benefits appeal procedures. On September 25, 1975, through her caseworker at the Marion County DPW, Featherston applied for partial dentures. That request was denied by the Medicaid Dental Panel (MDP) on September 10, and again on October 17, and November 20, 1975.
 
 
 4
 Plaintiff requested and received a hearing to appeal the denial of her request. At the hearing, which was held May 18, 1976, Featherston was accompanied by a representative and presented evidence to a hearing officer. The hearing officer then transmitted to an alternate Medicaid Dental Panel (AMDP) a summary of the evidence and tentative findings of fact for the AMDP's review and evaluation. The panel informed the DPW that Featherston's request should again be denied; accordingly, the director of the Division of Public Assistance upheld the denial.
 
 
 5
 On December 22, 1976, plaintiff Featherston filed a class action against the director of the Marion County DPW and the administrator of the state DPW. In her complaint, she alleged that the procedures used by the state welfare department were violative of the Social Security Act and regulations as well as the applicant's constitutional right to due process.
 
 
 6
 In a similar vein, plaintiff Grace Driver is the representative of a class objecting to disability benefits appeal procedures. On June 11, 1977, Driver applied to the Marion County DPW for Medicaid disability benefits. In keeping with DPW regulations, her application, together with a social summary and a physician's report, were submitted to a state Medical Review Team (MRT) for a determination of her eligibility. On August 23, the MRT concluded that Driver did not meet the disability requirements.
 
 
 7
 Plaintiff Driver requested and received a hearing to appeal the denial of her application for disability benefits. The hearing was held on October 13, 1977, at which time plaintiff was accompanied by a representative and submitted evidence to a hearing officer. As in the dental appeal proceedings, the hearing officer prepared tentative findings of fact for review by an alternate medical review team (AMRT). The AMRT considered the proposed findings and sixty-three pages of medical information submitted by plaintiff and concluded that the denial of disability benefits should be affirmed. Accordingly, the director of the Division of Public Assistance upheld the denial.
 
 
 8
 On May 1, 1978, plaintiff Driver filed a class action, alleging that the DPW appeal system was contrary to the Social Security Act and accompanying regulations and to the due process clause of the Fourteenth Amendment. As mentioned above, the Driver and Featherston actions were consolidated. On September 28, 1978, the district court granted summary judgment against both plaintiff classes and they have appealed.
 
 II
 
 9
 Title XIX of the Social Security Act provides, in pertinent part:
 
 
 10
 (a) A State plan for medical assistance must
 
 
 11
 (3) provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness . . . .
 
 
 12
 42 U.S.C. § 1396a(a)(3). The dispute in this appeal focuses on whether the procedures employed by the Indiana DPW are sufficient to satisfy the constitutional and statutory requirements for a "fair hearing." While the constitutional requirements for a fair hearing have been outlined by the Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and its progeny, the federal regulations applicable to Title XIX social security claims prescribe greater procedural safeguards than are mandated by the Constitution:
 
 
 13
 The hearing system must meet the due process standards set forth in Goldberg v. Kelly, 397 U.S. 254 (90 S.Ct. 1011, 25 L.Ed.2d 287) (1970), and any additional standards specified in this subpart.
 
 
 14
 42 C.F.R. § 431.205(d) (emphasis supplied). Because we find that the Indiana procedures do not comply with federal regulations, we do not address plaintiffs' constitutional claims. See, Hagans v. Lavine, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974).
 
 
 15
 The requirements for "Fair Hearings for (Medicaid) Applicants and Recipients" are outlined in 42 C.F.R. §§ 431.200 to 431.250.[1] The following provision is of particular importance in this appeal:
 
 
 16
 The applicant or recipient, or his representative, must be given an opportunity to
 
 
 17
 (a) Examine at a reasonable time before the date of the hearing and during the hearing:
 
 
 18
 (1) The content of the applicant's or recipient's case file; and
 
 
 19
 (2) All documents and records to be used by the State or local agency at the hearing;
 
 
 20
 (b) Bring witnesses;
 
 
 21
 (c) Establish all pertinent facts and circumstances;
 
 
 22
 (d) Present an argument without undue interference; and
 
 
 23
 (e) Question or refute any testimony or evidence, including opportunity to confront and cross-examine adverse witnesses.
 
 
 24
 Id. § 431.242. Plaintiffs contend that by allowing the introduction in the appeals hearing of the report of the initial review panel, the Indiana DPW has violated section 431.242(e) of the regulations. This attack takes two different forms.
 
 
 25
 * First, plaintiffs argue that the dental and medical review panels are used by the DPW as expert witnesses or technical advisors. Because the panel members were neither present nor subject to subpoena by plaintiffs,[2] they contend that they were denied their statutory right to confront and cross-examine adverse witnesses. Based on an examination of the function of these review teams in Medicaid eligibility determinations, we hold that they are not "adverse witnesses" as envisioned by the regulation.
 
 
 26
 The proper way for an agency to make an initial determination of an applicant's entitlement to disability benefits is by utilizing a medical review team:
 
 
 27
 (a) Except as specified in paragraph (d) of this section, the agency must obtain a medical report and a social history for individuals applying for medicaid on the basis of disability. The medical report must include a diagnosis based on medical evidence. The social history must contain enough information to enable the agency to determine disability.
 
 
 28
 (b) A physician and a social worker, qualified by professional training and experience, must review the medical report and social history and determine on behalf of the agency whether the individual meets the definition of disability. The physician must determine whether and when reexaminations will be necessary for periodic redeterminations of eligibility as required under § 435.916 of this part.
 
 
 29
 42 C.F.R. § 435.541. The procedures followed by the DPW comply with this regulation. See Ind. Code §§ 12-1-7.1-5 to 12-1-7.1-6. The Department's use of a dental review panel is equally acceptable.
 
 
 30
 Rather than functioning as adversaries to plaintiffs' claims, the initial review panels act as impartial assessors of plaintiffs' medical and social histories and as adjudicators of their entitlement to benefits. This is the procedure established by those entrusted at the federal level with administering the Social Security Act, and it is correctly followed by the Indiana DPW. As the Supreme Court said in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971):
 
 
 31
 The vast workings of the social security administrative system make for reliability and impartiality in the consultant reports. We bear in mind that the agency operates essentially, and is intended so to do, as an adjudicator and not as an advocate or adversary. This is the congressional plan. We do not presume on this record to say that it works unfairly.
 
 
 32
 Id. at 403, 91 S.Ct. at 1428 (footnote omitted).[3]
 
 B
 
 33
 Plaintiffs further argue that their ability to present rebuttal evidence at the appeals hearing is seriously undermined because the review teams' ineligibility determinations merely state conclusions without a meaningful explanation. For example, in denying plaintiff Driver's request for disability benefits, the review team report stated only that
 
 
 34
 (m)edical evidence does not support permanent and total disability. The applicant is not permanently and totally disabled.
 
 
 35
 Record at 304. It appears from the record that the dental review panel reports are equally unilluminating. See Record at 79, 73-74 & 78. The failure of the review teams to give reasons for their denial deprives applicants of their statutory right to a fair hearing. Although the Administrator of the DPW wrote to the directors of all county welfare departments on December 7, 1978, instructing them to notify applicants of the
 
 
 36
 precise reason for denial inasmuch as the focal point of the appeal will be that issue,December 7, 1978 Letter from Wayne A. Stanton, Record at 175, that letter has no legal force and does not affect our holding.
 
 
 37
 Under 42 C.F.R. § 431.242(c), an applicant is entitled to establish at a hearing all facts and circumstances pertinent to his claim. Section 431.241 expressly mandates that the hearing cover the "initial . . . (decision) regarding eligibility . . . ." Id. § 431.241(a). If the applicant is not made aware of the reasons for the agency's initial denial of his request, then he is not able to "(e)stablish all pertinent facts and circumstances" at his appeal hearing. See id. § 431.242(c). Consequently, we hold that claimants' procedural rights under 42 C.F.R. §§ 431.241 & 431.242 are violated when a medical or dental review team does not give a reasoned basis for its denial of benefits.
 
 III
 
 38
 Plaintiffs also object to the DPW's use of alternate review panels to give a post-hearing, off-the-record medical evaluation of the evidence presented at the hearing. As with the initial review teams, plaintiffs argue that the members of the alternate panels are adverse witnesses who should be subject to cross-examination. See 42 C.F.R. § 431.242(e). In addition, plaintiffs argue that the use of the alternate panels is impermissible because their evaluations constitute evidence received after the hearing in violation of 42 C.F.R. § 431.244. That regulation provides, in pertinent part, that
 
 
 39
 (h)earing recommendations or decisions must be based exclusively on evidence introduced at the hearing.
 
 
 40
 Id. § 431.244(a).
 
 
 41
 At the outset, we must point out that the function of the alternate review teams is significantly different from that of the review teams for initial eligibility determinations. Whereas the first review teams act as adjudicators, the alternate panels act as expert witnesses or advisors to the DPW. The assessments of the alternate panels fit squarely within the meaning of 42 C.F.R. § 431.240 and should therefore be made part of the record at the hearing:
 
 
 42
 (b) If the hearing involves medical issues such as those concerning a diagnosis, an examining physician's report, or a medical review team's decision, and if the hearing officer considers it necessary to have a medical assessment other than that of the individual involved in making the original decision, such a medical assessment must be obtained at agency expense and made part of the record.
 
 
 43
 Id. § 431.240(b) (emphasis supplied). Our characterization of the alternate panels is supported by the testimony of Evelyn Clarke, Assistant Director of the DPW's Division of Public Assistance:
 
 
 44
 (I)f there is additional medical information (presented at the hearing), and the Hearing Officer feels we should have another assessment of it, then it would go to the alternate team. And they would review the original, plus any additional, plus any testimony and make a written statement about what this additional information did to their opinion.
 
 
 45
 Clarke Deposition at 18. It is clear, therefore, that the post-hearing assessment by the AMDP and AMRT violates the express language of 42 C.F.R. § 431.240(b). Moreover, because the alternate panels are used as experts to advise the hearing officer and because their opinions are given off-the-record, claimants are denied their right to refute the panels' opinions, see 42 C.F.R. § 431.242(e), as well as their right to a decision based exclusively on evidence introduced at the hearing. See id. § 431.244. Cf. Lonzollo v. Weinberger, 534 F.2d 712, 714 (7th Cir. 1976) (claimant denied right to decision based on "evidence adduced at hearing" when agency considered medical report not introduced at hearing).
 
 
 46
 We are unpersuaded by defendants' argument that the use of alternate panels does not deprive plaintiffs of a decision based exclusively on evidence adduced at the hearing because
 
 
 47
 (t)he alternate panels only reviewed the evidence which was presented at the hearing . . . .
 
 
 48
 Brief of Defendants at 11. The fact remains that the AMDP and AMRT review and assess that evidence off-the-record, denying claimants the opportunity to refute their conclusions.
 
 
 49
 The Administrator of the DPW has written a letter requiring an end to the use of post-hearing, off-the-record assessments by alternate review teams, see December 7, 1978 Letter from Wayne A. Stanton, Record at 176, but as stated in Part II, B, supra, that letter has no legal force and does not affect our disposition of this appeal.[4]
 
 
 50
 Insofar as the district court judgment is contrary to this opinion, we reverse. For the reasons discussed herein, we find invalid and enjoin the Indiana DPW from utilizing procedures which contravene the federal regulations found at 42 C.F.R. §§ 431.200 to 431.250.
 
 
 
 [1]
 The hearing procedures applicable to Title XIX Social Security claims were formerly found at 45 C.F.R. § 205.10. Those procedural regulations were rewritten without substantive change, and as of March 23, 1979, can be found at 42 C.F.R. §§ 431.200 to 431.250. See 44 Fed.Reg. 17926 (Mar. 23, 1979)
 
 
 [2]
 Although Ind. Code § 12-1-10-1 provides that county and state department officials do have the power to "subpoena witnesses, and require the attendance of witnesses," this provision has not been incorporated into the procedural manual of the Indiana DPW. Moreover, there is no corresponding provision granting to applicants or recipients a right to subpoena witnesses. See Richardson v. Perales, 402 U.S. 389, 397, 91 S.Ct. 1420, 1425, 28 L.Ed.2d 842 (1971). Therefore, if we were to find, which we do not, that review team members were indeed "adverse witnesses," plaintiffs could not be deemed to have waived their right of cross-examination for failing to subpoena them, because they have no statutory right to subpoena them
 
 
 [3]
 The cases cited by the parties in this case which address the weight and credibility to be given physician's reports are simply inapposite. In Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the source of the cross-examination requirement in these regulations, the Court did say that cross-examination is necessary
 "where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers . . . ."
 397 U.S. at 270, 90 S.Ct. at 1021, quoting from Greene v. McElroy, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959); however, that language presumes the existence of an "adverse witness" in the first place. Just as a district court judge cannot be deemed an adverse witness in a subsequent appeal, neither can the initial review panels in this case. For reasons that will be developed in the text, infra, to facilitate a fair appeal, the review teams must, however, provide a reasoned basis for their decision.
 We do not consider the weight to be accorded non-examining review team reports on substantial evidence review of an administrative appellate decision. That is not the procedural posture in which the present case is before us. If, in a given case, the DPW uses a review team report as substantive evidence of non-entitlement to benefits, then that is a proper issue to be raised on direct appeal to this court for substantial evidence review.
 
 
 [4]
 Plaintiffs also argue that the alternate panels are really the decision-makers so that they are denied their constitutional right, as outlined in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), to mold their argument to the decision-maker. We need not address this constitutional argument, however, as we have already found that post-hearing use of alternate panels invalid under the federal regulations. See Dandridge v. Williams, 397 U.S. 471, 475-76, 90 S.Ct. 1153, 1156-57, 25 L.Ed.2d 491 (1970)
 In any event we do not find the alternate panels to be "decision-makers." Their recommendations are not binding on the DPW, Clarke Deposition at 23-24; they function instead as expert advisors.
 Absent the alternate panel problems discussed in the text, it is perfectly acceptable for the hearing officer to make a recommendation to his or her superior who is the ultimate authority. Such a course of action is consistent with the regulations. See 42 C.F.R. §§ 431.244(a) & 431.244(b)(3).