**Betty ALLISON, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Department of Health and Human Services, Defendant-Appellee.**

No. 82–2613.

United States Court of Appeals, Tenth Circuit.

June 24, 1983.

Frank W. Davis, Guthrie, Okl., for plaintiff-appellant.

William S. Price, U.S. Atty., and Richard W. Freeman, Jr., Asst. U.S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Betty Allison brought this action pursuant to 42 U.S.C. § 405(g) (Supp. V 1981)[1] after her application for disability benefits under the Social Security Act was denied. The district court determined that the administrative decision was supported by substantial evidence and dismissed the complaint. Allison appeals and we reverse.

## I.

Allison, a sixty year old woman, has not worked since she had surgery for a double hernia in late December 1980. Within a few days of this surgery she developed nearly fatal multiple pulmonary emboli. From that time she has suffered from severe chest pain and shortness of breath, chronic phlebitis in her legs, and pain and swelling in her legs and feet. She is unable to stand or walk for any length of time and must frequently elevate her legs.

After Allison's original application for disability benefits was denied, she obtained a hearing before an administrative law judge (ALJ). Appearing without counsel, she testified to the medical history set forth above. Her daughter accompanied her and supported her testimony. Allison also offered her medical records and three letters from her treating physician, who stated that in his opinion Allison was totally disabled. Another letter from an examining internist described Allison's medical condition but did not offer an opinion on her disability. No evidence adduced at the hearing refuted Allison's claim of disability.

After the hearing, the ALJ took the matter under advisement and sent Allison's hearing record to a Dr. Harvey, who was under contract with the Department of Health and Human Services. Dr. Harvey reviewed Allison's records but did not examine her. He concluded that she was not disabled. The explanations in Dr. Harvey's report were adopted by the ALJ and were the basis for his decision that Allison was not disabled.

On appeal, Allison contends that the ALJ's reliance on a post-hearing report denied her due process because she had no notice of the report, no opportunity to cross-examine Dr. Harvey, and no opportunity to offer evidence in rebuttal. Allison also alleges that the ALJ improperly gave controlling weight to the opinion of a nonexamining physician, despite a treating physician's opinion to the contrary.

## II.

The Social Security Act provides disability benefits to persons unable "to en-

---

1. Section 405(g) provides in part:

    "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. 42 U.S.C. § 405(g) (Supp. V 1981).

gage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A) (1976). A claimant whose application for such benefits is denied is entitled to "reasonable notice and opportunity for a hearing with respect to such decision." 42 U.S.C. § 405(b)(1) (Supp. V 1981). This hearing is subject to procedural due process considerations. *Richardson v. Perales,* 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1427–1428, 28 L.Ed.2d 842 (1971).

■ An ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report. *Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir. 1981); *Gullo v. Califano,* 609 F.2d 649, 650 (2d Cir.1979); *Lonzollo v. Weinberger,* 534 F.2d 712, 714 (7th Cir.1976); *see also Perales,* 402 U.S. at 410, 91 S.Ct. at 1431–1432 (approving "the admission of consultants' reports *subject as they are* to being material and to the use of the subpoena and consequent cross-examination" (emphasis added)); *Treadwell v. Schweiker,* 698 F.2d 137, 144 (2d Cir.1983); *Fernandez v. Schweiker,* 650 F.2d 5, 8 (2d Cir.1981); *Pidgeon v. Health & Human Services,* 493 F.Supp. 1088, 1089 (E.D.Mich.1980). Moreover, such a practice exceeds the Secretary's statutory authority. The Secretary is clearly mandated by statute to determine a claimant's disability "on the basis of evidence adduced at the hearing."[2] 42 U.S.C. § 405(b)(1).

Consequently, along with other courts that have considered this practice, "we view with some alarm the Secretary's confident assertion that 'it is not uncommon for the ALJ to receive reports subsequent to the administrative hearing' especially if such unchallenged submissions supply the basis for decision." *Gullo,* 609 F.2d at 650 (quoted in *Cowart,* 662 F.2d at 737). We conclude that the ALJ's reliance on Dr. Harvey's post-hearing report denied Allison a full and fair hearing.[3] Accordingly, the judgment is reversed and the case is remanded to the Secretary for further proceedings. Should the Secretary wish to reopen the hearing and properly admit Dr. Harvey's report, Allison must be provided the opportunity to subpoena and cross-examine Dr. Harvey, and to offer evidence in rebuttal.

■ Allison also contends that the ALJ should not have accorded controlling weight to the report of a nonexamining physician. The general rule is that "the written reports of medical advisors who have not personally examined the claimant 'deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for

**2.** Appellee argues that the ALJ's actions are permitted by the pertinent federal regulation, which states that "[t]he decision must be based on evidence offered at the hearing or otherwise included in the record." 20 C.F.R. § 404.953(a) (1982). However, a federal regulation may not be interpreted in a manner at odds with the Secretary's statutory authority and the Constitution. If the ALJ's decision is based on evidence "otherwise included in the record," the regulation must be construed to require that this evidence be gathered and presented to the claimant prior to the hearing. *See generally Heckler v. Campbell,* —— U.S. ——, ——, 103 S.Ct. 1952, 1956, 1957, 76 L.Ed.2d 66 (1983).

**3.** Appellee devotes considerable argument on appeal to the well-established proposition that the Secretary's findings are binding if supported by substantial evidence. However,

"[a]s is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that 'no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims.' *Smith v. Schweiker,* 646 F.2d at 1076; *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir.1981). *See Frith v. Celebrezze,* 333 F.2d 557, 560 (5th Cir.1964). Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982). "Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Id.* at n. 3.

competent evaluation without a personal examination of the claimant.' " *Woodard v. Schweiker,* 668 F.2d 370, 374 (8th Cir.1981) (quoting *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir.1974)); *accord Hall v. Harris,* 658 F.2d 260, 266 (4th Cir.1981); *Carver v. Harris,* 634 F.2d 363, 364 (7th Cir.1980). When the treating physician's opinion is supported by medical evidence and is not unacceptably brief and conclusory, it "is entitled to more weight on the question of disability than the opinion of a physician who has reviewed the medical evidence, but has never examined the patient." *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir.1982); *see also Cavitt v. Schweiker,* 704 F.2d 1193, 1195 n. 11 (10th Cir.1983). However, in view of our remand, we need not at this time consider the proper weight to be given Dr. Harvey's report.

The judgment is reversed, and the case is remanded with instructions to return it to the Secretary for further proceedings in accordance with this opinion.