17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ottis L. GREEN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7068.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Ottis L. Green appeals an order of the district court affirming the decision of the Secretary of Health and Human Services denying him Social Security disability benefits. Claimant argues that the decision of the Secretary was not based on substantial evidence, the questions posed to the vocational expert were incomplete, defective, and objectionable, and the Administrative Law Judge (ALJ) denied claimant due process by relying on post-hearing evidence without affording claimant an opportunity to subpoena and cross-examine the witnesses.[2]
 
 
 4
 Claimant, a fifty-year-old man, claimed disability from February 25, 1987, due to residual problems from a gunshot wound to the head in 1971, and a broken hip in 1980. Claimant has a left eye prosthesis as a result of the gunshot wound, and claims he suffers from headaches and blackouts. In addition, claimant alleges chronic pain in his hip which prevents him from standing or walking on his right leg for extended periods of time.
 
 
 5
 Following a hearing on March 1, 1991, the ALJ found claimant not disabled. This decision was affirmed by the Appeals Council on March 16, 1992, thus rendering the decision of the ALJ final for purposes of review. See Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988).
 
 
 6
 This court's review is limited to determining whether substantial evidence supports the decision and whether the Secretary applied the correct legal standards. Gay v. Sullivan, 986 F.2d 1336, 1338 (10th Cir.1993). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the Secretary." Pacheco v. Sullivan, 931 F.2d 695, 697 (10th Cir.1991). This court may neither reweigh the evidence nor substitute its judgment for that of the agency. Cagle v. Califano, 638 F.2d 219, 220 (10th Cir.1981). These restrictions do not apply, however, to questions of law. " 'Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991)(quoting Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984)(citation omitted)).
 
 
 7
 Claimant appeared at the hearing with counsel. His daughter accompanied him to the hearing and testified in his behalf. Claimant's medical records were received into evidence. None of claimant's treating physicians offered an opinion that claimant was totally disabled. Following conclusion of the hearing, the ALJ reopened the record to receive from claimant's counsel the medical records of Dr. Jack A. Woods, who had treated claimant following the gunshot wound, and a recent psychological and vocational evaluation of claimant by Dr. Douglas Stevens. A few weeks later, the ALJ again reopened the record to receive into evidence two contact reports, R. Vol. II at 240-41, and a letter to claimant's counsel which informed claimant of the contact reports and offered him an opportunity to comment or submit additional authority or evidence within fifteen days, id. at 242.
 
 
 8
 The first contact report, dated March 20, 1991, reported an anonymous telephone call informing the agency that claimant was working at Crussel Parts House in Westville, Oklahoma, as a welder for $300 per week. Id. at 241. The second report dated April 28, 1991, reported the investigator's follow-up call to Alfred Crussel, owner of Crussel Parts House, who said claimant had been working there until about three weeks prior when he quit. Id. at 240. He stated that claimant had operated the garage portion of the business. Id. Mr. Crussel further stated that claimant may have worked for the previous owner, Mr. Millican, prior to June 1990, when Mr. Crussel took the business back. Id. On April 30, 1991, the ALJ forwarded copies of these two contact reports to counsel for claimant, informing her that he intended to include them in the record and offering claimant an opportunity to comment. Id. at 242. On May 3, 1991, the investigator contacted Mr. Millican who said that during the period of time that he operated the business, from April 1990, to November 1990, claimant had worked for him as a general laborer and flat fixer. Id. at 243. The record does not indicate that this third contact report was ever forwarded to claimant. Claimant did not submit further evidence or comment on these reports, and the record was closed.
 
 
 9
 In his decision, the ALJ thoroughly summarized all of claimant's medical evidence. Although it appears that the record contains sufficient medical evidence to support the conclusions of the ALJ, he stated that the evidence he received indicating that claimant had been engaged in gainful work activity, even at the time of hearing, "cast[s] severe doubt upon the claimant's credibility, as well as the credibility of some of the medical evidence contained in the record." Id. at 13. The ALJ found that not only had claimant failed to disclose this information at the hearing, "he actively concealed it." Id. In light of these findings, the ALJ only considered claimant's claims of disability from April 1991, which was the time Mr. Crussel stated that claimant had quit working for him.[3] The ALJ determined that claimant's concealment of his work activities also militated against his credibility as to his subjective complaints of pain. Id. at 16. The ALJ concluded that although claimant had a number of impairments which could, in combination, prevent him from performing some work activities, he did not have an impairment or combination of impairments which would prevent him from returning to his past relevant work as a truck driver or a mechanic.
 
 
 10
 "The Social Security Act provides disability benefits to persons unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment.' " Allison v. Heckler, 711 F.2d 145, 146-47 (10th Cir.1983)(quoting 42 U.S.C. 423(d)(1)(A)). Claimant is entitled to a hearing upon request, and a decision based upon "evidence adduced at the hearing." Id. 405(b)(1). The Supreme Court has held that this agency hearing is subject to procedural due process considerations. Richardson v. Perales, 402 U.S. 389, 401-02 (1971).
 
 
 11
 In Allison, this court held that an ALJ's reliance on a post-hearing medical report, without affording the claimant an opportunity to cross-examine the physician or rebut the report, constituted a denial of due process. 711 F.2d at 147. Other circuits have agreed in similar circumstances. See, e.g., Townley v. Heckler, 748 F.2d 109, 114 (2d Cir.1984)(holding denial of due process if claimant not given an opportunity to cross-examine and rebut vocational expert's post-hearing report)
 
 
 12
 In Wallace v. Bowen, 869 F.2d 187 (3d Cir.1989), the court reversed and remanded a denial of benefits under facts similar to those before this court. In Wallace, the ALJ received two medical reports from consulting physicians following the hearing. Neither physician had examined claimant, but based their opinions on the medical evidence submitted to them by the ALJ. The ALJ sent copies of the reports to claimant with a "standardized form letter," id. at 189, containing the same language as the one the ALJ sent to claimant's counsel in this case. The letter invited the claimant to submit "(1) written comments concerning the evidence received, (2) a brief or written statement as to the facts and law in the case, or (3) additional evidence not previously supplied." Id.; see also R. Vol. II at 242. The court noted that the form letter did not offer claimant an opportunity for further hearing, and rejected the contention that the invitation to comment on post-hearing evidence satisfied due process requirements. Wallace, 869 F.2d at 192 & n. 4.
 
 
 13
 The Allison court held that the Secretary "is clearly mandated by statute to determine a claimant's disability 'on the basis of evidence adduced at the hearing.' " 711 F.2d at 147 (quoting 42 U.S.C. 405(b)(1)). Pursuant to federal regulation, the decision of the Secretary "must be based on evidence offered at the hearing or otherwise included in the record." 20 C.F.R. 404.953(a). The Allison court construed this regulation to require that evidence "otherwise included in the record" must be evidence received and presented to claimant prior to the hearing. 711 F.2d at 147 n. 2.
 
 
 14
 The question whether claimant was gainfully employed during the period of alleged disability is essential to the disability determination. Accepted as true by the ALJ, the contact reports, undisputed by claimant, were prejudicial and diminished claimant's credibility. Therefore, we are constrained by the holding in Allison to conclude that, under the facts of this case, claimant was denied due process.[4] In the event the Secretary continues to rely on the contact reports on remand, she must provide claimant with an opportunity to subpoena and cross-examine the post-hearing witnesses.[5] See Allison, 711 F.2d at 147.
 
 
 15
 As to claimant's argument regarding the sufficiency of the hypothetical questions posed to the vocational expert, we once again remind counsel for claimant that only after a determination that a claimant suffers from an impairment or combination of impairments severe enough to preclude prior work activity is the ALJ under obligation to make an age, education and experience inquiry to determine what other employment is available to claimant in the national economy. Because the ALJ concluded that claimant could return to his past relevant work, he was under no obligation to elicit the testimony of a vocational expert. See Channel v. Heckler, 747 F.2d 577, 579-83 (10th Cir.1984).
 
 
 16
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 Claimant requests leave to amend his brief to delete his arguments regarding this court's decision in Diaz v. Secretary of Health and Human Services, 898 F.2d 774 (10th Cir.1990). See Appellant's Br. at 17-18. We grant claimant's request to amend, and the deleted arguments will not be considered in this review
 
 
 [3]
 In addition, the ALJ opined that it was "a distinct possibility" that claimant had engaged in substantial gainful activity since April 1991. R. Vol. II at 14
 
 
 [4]
 Our decision in this case should not be read to limit the Secretary's statutory right to receive post-hearing evidence offered by a claimant in support of his or her disability claim. See 40 U.S.C. 405(b)(1)
 
 
 [5]
 Because we reverse and remand based on the Secretary's failure to apply correct legal standards, we do not address claimant's arguments that the ALJ's determination that claimant is not disabled is not supported by substantial evidence. See Allison, 711 F.2d at 147 n. 3