UNITED STATES COURT OF APPEALS

**Filed 11/2/95**

TENTH CIRCUIT

---

MELVIN L. MILLS, )
)
    Plaintiff-Appellant, )
)    No. 95-7071
v. ) (D.C. No. CV-94-287-B)
)    (E. Dist. Okla.)
SHIRLEY S. CHATER, Commissioner, )
Social Security Administration, )
)
    Defendant-Appellee. )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Melvin L. Mills appeals the district court's order denying his claim for Supplemental Security Income and disability insurance benefits. He maintains that the Commissioner's decision is not supported by substantial evidence. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Mr. Mills is 44 years old. In the last fifteen years, he has held a variety of jobs in oil field construction; he has also worked as a heavy equipment operator and in asbestos removal. In May, 1985, Mr. Mills fractured his sixth vertebra in a diving accident. He claims that ensuing pain in his neck and numbness in his right arm, as well as depression and anxiety, prevent him from engaging in substantial gainful activity.

We may only set aside the ALJ's findings if they are not supported by substantial evidence. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). A decision is subject to reversal if it is overwhelmed by other evidence, represents a mere conclusion, or is based on an improper legal standard. Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987).

"The Secretary uses a five-step process to evaluate disability claims for supplemental security income." Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988); see also 20 C.F.R. § 404.1520 (disability); § 416.920 (Supplemental Security Income disability). The ALJ found that Mr. Mills did not establish that he met or equaled one of the impairments listed in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). Applying the fifth step of the evaluation process, and considering Mr. Mills' age, education, part work experience, and residual functional capacity (RFC), the ALJ found that he could perform other work.

Id. at §§ 404.1520(f), 416.920(f). The ALJ found that Mr. Mills "has the residual functional capacity to perform a full range of sedentary and light work . . . of an unskilled and semi-skilled nature . . . ." Rec., vol. II, at 18.

On appeal, Mr. Mills offers two challenges to the ALJ's application of the fifth step of this process.[1] First, he contends that the ALJ's assessment of his residual functional capacity (RFC) was not supported by substantial evidence because the ALJ failed to properly consider evidence of his manipulative and mental impairments. Second, he contends that the ALJ's determination that alternative work was available was not supported by substantial evidence because the ALJ improperly questioned the vocational expert.

As Mr. Mills maintains, the record reflects considerable evidence that Mr. Mills' manual dexterity is impaired. Mr. and Mrs. Mills both testified to this effect, and Mr. Mills also introduced compelling medical reports. However, there is also

---

[1] Mr. Mills also suggests that his constitutional right to due process was violated by the ALJ's reliance on a report of a medical examination after his hearing; he contends that he was denied effective cross-examination. See Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983). We need not reach this argument because Mr. Mills did not raise it below. See In re Lynde, 922 F.2d 1448, 1455 (10th Cir. 1991). Moreover, the record reveals that Mr. Mills was notified of the ALJ's intent to rely on this report, received a copy of the report, and was afforded the opportunity to respond to it with a written statement, additional evidence, and questions to be given to the author of the report. Thus the ALJ's compliance with the requirements of Allison renders Mr. Mills' due process argument meritless.

substantial support for the ALJ's findings. Dr. McGovern observed that Mr. Mills had normal hand function and dexterity. Dr. McGovern also stated that although Mr. Mills exhibited weakness in a number of areas, in his opinion this was due to poor cooperation by Mr. Mills. Dr. McGovern's report generally supports the ALJ's findings with regard to Mr. Mills' manipulative impairments.

The ALJ also found that Mr. Mills "does not have a mental impairment which has had more than a minimal effect on his ability to engage in work activity and that he does not have a mental impairment which has reduced his functional capacity for sedentary and light work." Id. at 17. Mr. Mills contends that this finding was without sufficient support and that the ALJ failed to point to legitimate reasons to reject his medical evidence. However, the ALJ completed a standard Psychiatric Review Technique Form, which was appended to his decision. In the PRTF, the ALJ found that Mr. Mills' activities of daily living were not restricted, and that he faced only slight difficulties in maintaining social functioning. These findings are supported by Mr. Mills' testimony. The ALJ also found no evidence of deficiencies resulting in failure to complete tasks in a timely manner, and no episodes of deterioration or decompensation. These findings are congruent with the reports of Dr. Nguyen and Dr. Das. We must conclude that the ALJ's findings

-4-

with regard to Mr. Mills' mental impairments are substantially supported by the evidence.

Mr. Mills also challenges the ALJ's questioning of the vocational expert. He contends that the ALJ posed hypothetical questions to the vocational expert which did not accurately describe Mr. Mills' characteristics, thus leading the expert to supply inapposite testimony. Indeed, the ALJ did not include manipulative or mental impairments in the hypothetical questions. As a result, Mr. Mills argues that the ALJ's findings concerning the availability of alternative work are not supported by substantial evidence. Because the ALJ's findings concerning Mr. Mills' RFC were supported by substantial evidence, there is no need for the answers to the hypothetical questions which Mr. Mills now urges us to require. The testimony of the vocational expert constitutes substantial support for the ALJ's finding that "there exist occupations in the national economy in significant numbers that [Mr. Mills] can perform regardless of [his] impairments, and therefore [Mr. Mills] is not disabled." Id. at 19.

We AFFIRM the decision of the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-