UNITED STATES COURT OF APPEALS
**Filed 8/16/96**
FOR THE TENTH CIRCUIT

SHEILA K. TOWNSEND,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 95-7148
(D.C. No. CV-94-595-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

       After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument

Claimant Sheila Trent Townsend appeals the decision of the Secretary denying her application for disability benefits under the Social Security Act. Because we agree with claimant that substantial evidence does not support the decision of the Secretary, we reverse and remand for further proceedings.

Claimant was injured in a motor vehicle accident in 1988 resulting in the amputation of her left arm.  Although reattached, claimant has no use of her left arm for purposes of work activity.  Claimant alleged disability because of her arm impairment and because of mental impairments.

After an initial denial of benefits by the administrative law judge (ALJ), the Appeals Council remanded for additional evidence concerning claimant's mental impairment.  R. Vol. II at 336.  Upon reconsideration and after a supplemental hearing, the ALJ again concluded that claimant was entitled to a closed period of disability, but that by October 22, 1992, sufficient medical improvement had occurred to enable claimant to engage in work activity.  Id. at 30.  We review the decision of the Secretary to determine whether the factual findings are supported by substantial evidence, and whether correct legal standards have been applied. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).

We have three basic problems with the determination of the ALJ. First, the Appeals Council remanded this case after the initial hearing for more investigation into claimant's alleged mental impairment. The ALJ, however, did not consider any new mental health evidence. After the supplemental hearing, the ALJ obtained a psychological study of claimant from a consultative physician and proposed to include that report in the record. Claimant's attorney objected to the inclusion of this evidence in the record because he had not been given an opportunity to cross-examine or rebut the evidence. See Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983)(holding that the use of post-hearing medical report "constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report"). Claimant's attorney requested a supplemental hearing. Instead of scheduling such a hearing, the ALJ "sustained" claimant's objection and closed the record, R. Vol. II at 400, without considering the additional psychological evidence, id. at 32. Other than this excluded evidence, there is no other additional evidence in the record regarding claimant's psychological status other than what was already available to the ALJ at the time of his initial decision. In effect, therefore, the ALJ failed to abide by the directive of the Appeals Council that he consider additional evidence regarding claimant's alleged mental impairment.

Under some circumstances, we might be able to determine that, even without additional evidence, the record was clear regarding a claimant's mental condition. We agree with the Appeals Council, however, that this record, without the omitted additional evidence, does not provide substantial evidence for a reasoned conclusion regarding claimant's mental condition.

Our second problem with the decision of the ALJ relates to his conclusion that claimant can do light and sedentary work. In order to do light work, claimant must be able to lift twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. See, e.g., 20 C.F.R. § 404.1567(b). The ability to do sedentary work assumes that claimant would be required to lift no more than ten pounds at a time but would be able to carry articles such as docket files, ledgers, and small tools. See id. at § 404.1567(a). The only evidence in the record regarding claimant's lifting capacity is the opinion of her treating physician that claimant cannot do heavy lifting. R. Vol. II at 345. The opinion is no more specific than that. The ALJ's conclusion that claimant can lift ten to twenty pounds with her right arm is not supported by substantial evidence, indeed, is not supported by any evidence in the record.[1]

Finally, we note that the hypotheticals presented to the vocational expert did not fully reflect the record regarding claimant's limitations. On remand, we

_____

[1]    The ALJ concluded that claimant was totally unable to use her left arm, a finding amply supported by the record.

urge the ALJ to take care that the vocational expert is presented with a hypothetical accurately reflecting the limitations substantiated by the record including claimant's limited ability to reach, handle, feel, push, and pull, <u>id.</u> at 344, and her inability to work around moving machinery, temperature extremes, and vibration, <u>id.</u> at 345.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Myron H. Bright
Senior Circuit Judge