UNITED STATES COURT OF APPEALS

**Filed 10/1/96**

FOR THE TENTH CIRCUIT

JEANETTE SMITH,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 95-2286
(D.C. No. CIV-94-244-SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jeanette Smith appeals from an order of the district court affirming the Secretary's[1] determination that she was entitled to benefits for a closed period of time--July 27, 1989, to February 10, 1992. Ms. Smith asserts she has not regained the ability to work and remains disabled. We reverse and remand for further proceedings.

Ms. Smith claimed disability due to a shoulder injury, depression, and a heart condition. The administrative law judge (ALJ) found her to be temporarily disabled due to a knee injury which required surgery. He determined that once Ms. Smith had recovered from the surgery, she could perform the full range of sedentary work. See Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988)(explaining the five-step sequential process). Ms. Smith asserts that substantial evidence does not support this determination. She also argues she was denied due process because she was not permitted to present vocational testimony at her hearing before the ALJ and that the ALJ disregarded her vocational expert's (VE) written report which was submitted after the hearing, but before the ALJ issued his opinion.

---

[1] Although, in the caption, the Commissioner of Social Security has been substituted for the Secretary of Health and Human Services as the defendant in this action, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

At the hearing, Ms. Smith attempted to present VE testimony. The ALJ denied Ms. Smith this opportunity because his schedule did not permit him to take the testimony of an unscheduled witness. The ALJ stated he would schedule a later hearing for the purpose of obtaining the VE's testimony. That hearing was never scheduled and Ms. Smith submitted a written report from the VE approximately two months before the ALJ issued his opinion.

The VE opined that, based upon testing and observation, Ms. Smith could not perform the tasks required for jobs available to her due to her various physical restrictions and mental problems. The VE concluded that Ms. Smith was not qualified for any jobs existing in substantial numbers in the local or national economy. In his opinion, the ALJ did not discuss the VE's report. Instead, the ALJ merely stated that no vocational testimony was necessary because, having found that Ms. Smith could perform the full range of sedentary work, he could resolve the case on the "grids."

"The ALJ has a basic obligation . . . to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993). Concomitant with this obligation is the ALJ's duty to consider all materials submitted to him in a particular case. See 42 U.S.C. § 423(d)(5)(B)(the Commissioner's decision must be made upon consideration of *all* the evidence available in the record). While the ALJ need not accept the VE's conclusion that Ms. Smith is disabled, see Castellano, 26 F.3d at 1029 (final responsibility for determining the ultimate issue of disability is reserved to the Secretary), the ALJ must give reasons for rejecting the report, see Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983)(court cannot accept ALJ's unreasoned rejection of all evidence in claimant's favor); Smith v. Bowen, 687 F. Supp. 902, 904 (S.D.N.Y. 1988)(ALJ cannot pick and choose evidence to support his conclusion); see also Garfield v. Schweiker, 732 F.2d 605, 609 (7th Cir. 1984)(reasons for rejecting reports should be stated).

The fact that this report was from a VE, rather than a physician, does not negate this principle. Nor does the fact that the ALJ did not consider VE testimony necessary to his decision justify disregarding the report. Once information is present in the record, the ALJ must discuss it and present reasons for disregarding conclusions contrary to his determination. While we express no

-4-

opinion as to the weight the ALJ should give to the VE's report, on remand the ALJ must consider and discuss this report and any other information he feels he should obtain to ensure an adequate record upon which to base his decision.

We reject Ms. Smith's due process argument. Due process violations have been found in the Social Security setting where the ALJ relies on a report submitted after the hearing without permitting the claimant to cross examine the author of the report. See Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983); cf. Richardson v. Perales, 402 U.S. 389, 402, 410 (1971)(due process is satisfied if claimant has opportunity to cross examine author of report); Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)(claimant may waive due process right to cross examine author of report). Here, Ms. Smith submitted the report herself. She has presented no reason why she needed to cross examine the VE. No due process violation occurred.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and the case is REMANDED with directions to remand this case to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court


James E. Barrett
Senior Circuit Judge