Richard A. **BUSH** SSN: 117–46–2546, Plaintiff,

v.

Kenneth S. **APFEL,** Commissioner, Social Security Administration,[1] Defendant.

No. 97–CV–538–EA.

United States District Court,
N.D. Oklahoma.

Jan. 15, 1999.

---

1. Effective September 29, 1997, pursuant to Fed. R.Civ.P. 25(d)(1), Kenneth S. Apfel is substituted for John J. Callahan, Commissioner of Social Security, as the defendant in this action. No further action need to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U .S.C. § 405(g).

Paul F. McTighe, Jr., Tulsa, OK, for plaintiff.

Peter Bernhardt, United States Attorney, Tulsa, OK, for defendant.

### ORDER

EAGAN, United States Magistrate Judge.

Claimant, Richard A. Bush, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying claimant's application for disability benefits under the Social Security Act.[2] In accordance with 28 U.S.C.

---

**2.** On September 4, 1991, claimant applied for disability benefits under Title II (42 U.S.C. § 401 *et seq.*), and for Supplemental Security Income benefits under Title XVI (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially (January 8, 1992),

and on reconsideration (May 27, 1992). A hearing before Administrative Law Judge (ALJ) Thomas E. Bennett was held February 18, 1993, in Stillwater, Oklahoma. A supplemental hearing was held July 28, 1993, in Oklahoma City, Oklahoma. ALJ Bennett denied claimant's ap-

§ 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the ALJ and asserts that the Commissioner erred because the ALJ incorrectly .determined that claimant was not disabled. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision.

## I. CLAIMANT'S BACKGROUND

Claimant was born on January 1, 1954, and was 39 years old at the time of his first and second administrative hearings in this matter. He was 42 years old at the time of the third administrative hearing. He has a tenth grade education and a GED. Claimant has worked as a gas station attendant, tool room checker, foundry furnace operator, ranch laborer and portable building carpenter. (Complaint, at 2, ¶ 6.) Claimant alleges an inability to work beginning October 15, 1978. The date he was last insured, for purposes of Title II, was June 30, 1984. He claims that he is unable to work because of his back problems, hip problems, muscle spasms, fatigue, depression and anger, pain and limited mobility. (Complaint, at 2, ¶ 5.) He initially claimed that he suffered from a back injury sustained in 1978, joint problems, partial

deafness, and breathing problems. (R. 72, 106.)

## II. SOCIAL SECURITY LAW AND STANDARDS OF REVIEW

Disability under the Social Security Act is defined as the "...inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy...." Id., § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. § 404.1520.[3]

■ Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991).

plication for benefits at step four of the sequential process by decision dated December 23, 1993. The Appeals Council denied review of ALJ Bennett's findings on January 13, 1995. On appeal to this Court, however, the Commissioner filed a motion to remand, and the Court granted that motion on October 5, 1995. Another hearing was held by ALJ Larry C. Marcy on May 23, 1996 in Tulsa, Oklahoma. By decision dated August 30, 1996, ALJ Marcy found that claimant was not disabled on or before June 30, 1984 (the date claimant was last insured for disability benefits under Title II). On March 31, 1997, the Appeals Council denied review of the ALJ's findings. Thus, the decision of ALJ Marcy represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481. All references herein to "ALJ" shall be to ALJ Marcy unless otherwise noted.

3. Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to

do basic work activities. See 20 C.F.R. § 404.1521. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Claimants suffering from a listed impairment or impairments "medically equivalent" to a listed impairment are determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where the claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant—taking into account his age, education, work experience, and RFC—can perform. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774 (10th Cir.1990). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.

One of the issues now before the Court is whether there is substantial evidence in the record to support the final decision of the Commissioner that claimant was not disabled within the meaning of the Social Security Act. The term substantial evidence has been interpreted by the U.S. Supreme Court to require "...more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The search for adequate evidence does not allow the court to substitute its discretion for that of the agency. *Cagle v. Califano,* 638 F.2d 219 (10th Cir.1981). Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

### III. *THE DECISION OF THE ADMINISTRATIVE LAW JUDGE*

The ALJ made his decision at the fifth step of the sequential evaluation process. (R. 200–07.) He found that claimant had no severe impairment which significantly limited his ability to perform basic work-related activities prior to August 1, 1991 (for purposes of claimant's Title II claim), but that claimant was impaired by back pain severe enough to reduce his ability to work on and after August 1, 1991 (for purposes of claimant's Title XVI claim.) Other findings include claimant's residual functional capacity (RFC) to perform a full range of light work subject to no more than occasional bending or stooping. The ALJ concluded that claimant could not perform his past relevant work, but there were other jobs existing in significant numbers in the national and regional economies that he could perform, based on his RFC, age, education, and work experience. Having concluded that there were a significant number of jobs which claimant could perform, the ALJ concluded that he was not disabled under the Social Security Act at any time through the date of the decision. (R. 206.)

### V. *REVIEW*

Claimant asserts as error that the ALJ improperly relied on the post-hearing report of a consultative examiner and erroneously denied Plaintiff's request to subpoena the consultative examiner for cross-examination, and, absent the report, the ALJ failed to affirmatively establish by substantial evidence that claimant retained the capacity to perform the demands of light work at all times relevant to his claim. The report at issue resulted from a consultative examination that ALJ Bennett ordered after the first administrative hearing on February 18, 1993. The consultative examiner, J.D. McGovern, M.D., saw claimant and wrote the report on June 2, 1993. (R. 172.) Dr. McGovern reported that claimant's "range of joint motion" chart revealed several inconsistencies, several of which may have been the result of "poor cooperation." (R. 173.) He could find no objective support for the position that claimant's low back problems were severe enough to cause impairment. (R. 173–74.) He observed that claimant had very few functional limitations. (R. 178–80.)

ALJ Bennett sent the report and a letter to claimant's representative on June 18, 1993, which informed the representative that he could submit written comments concerning the report, a brief or written statement as to the facts and law in the case, or additional evidence not previously supplied. He also stated: "You have the right to examine the author of the evidence. If you want to have the author answer questions, please submit the questions to me in writing. If you want to obtain oral testimony from the author in a supplemental hearing, you must submit a statement indicating the relevance of the information and why the information cannot be obtained through written questions." (R. 181.) The relevant regulations provide:

(d) *Subpoenas.* (1) When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for

the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.

(2) Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge or at one of our offices at least 5 days before the hearing date. The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.

20 C.F.R. §§ 404.950(d), 416.1450(d).

Claimant's representative sent a letter to the ALJ on June 21, 1993, demanding an opportunity to cross-examine Dr. McGovern. The letter did not set out the information required by subsection two of the regulation. Although most of the information required would have been unnecessary, given that Dr. McGovern was the consultative examiner and the ALJ knew his name, address and the facts Dr. McGovern would be expected to prove, claimant did not indicate why the facts could not be proven, or, in this case, disproven, without issuing a subpoena. Instead, claimant's representative contended that claimant "has an absolute right to have [the ALJ] subpoena and cross-examine the post-hearing medical advisor." (R. 182.)

ALJ Bennett replied, by letter dated July 7, 1993: "There is no evidence available to me that you have made effort to obtain [the desired] information by other means; therefore, no action has been taken to subpoena (or to cause to appear without subpoena having been issued) Dr. J.D. McGovern to be present to testify in said supplemental hearing." (R. 186.) He also informed claimant's representative that he would remove the McGovern report from the record if the representative desired, but he warned the representative that he was not inclined to rule in claimant's favor without the report.

ALJ Bennett and claimant's representative continued this discussion at the supplemental hearing on July 28, 1993. (R. 49–53.)

Claimant's representative objected to Dr. McGovern's absence, but claimant testified as to the nature of Dr. McGovern's examination as well as another examination he had at the OSU Medical Clinic in Tulsa on July 26, 1993. (R. 183–84.) ALJ Bennett issued a decision on December 21 1993, denying claimant's disability claims at step four of the sequential analysis by finding that claimant could perform his past relevant work (R. 14–20), and the Appeals Council denied claimant's request for review on January 13, 1995. (R. 3–4.) Claimant appealed the decision of ALJ Bennett, and this Court granted the Commissioner's motion to remand pursuant to sentence four (4) of 42 U.S.C. § 405(g) on October 5, 1995. (R. 264–65.) The case was remanded by the Appeals Council on November 6, 1995. (R. 266–68.) As the Commissioner points out, the case was not remanded, as claimant contends, because the ALJ had erroneously relied on Dr. McGovern's post hearing report without providing claimant the opportunity to cross examine Dr. McGovern. In fact, neither the order of this Court nor the order of the Appeals Council remanding the case address the issue. Instead the remand order explained that the evidence was insufficient to determine whether claimant's work experience as a mobile home setup person constituted relevant work, and the record contained no description of the physical and mental demands of that work. (R. 267.)

In the intervening six months between the remand and a third administrative hearing, claimant did not send interrogatories to Dr. McGovern or renew his request for the ALJ to subpoena Dr. McGovern for cross-examination. Claimant did submit additional medical evidence. (R. 280–87.) At the May 23, 1996 hearing, claimant's representative objected to Dr. McGovern's report and again demanded the right to cross-examine Dr. McGovern in person. Claimant's representative implied that Dr. McGovern might be biased or the report and examination may have been incomplete. He admitted that he had not sent any interrogatories to Dr. McGovern. (R. 213–24.) He later represented, in his October 1, 1996 letter to the Appeals Council, that "Dr. McGovern is biased against claimants for Social Security Disability Benefits and that [claimant] has the right

to show that at a Supplemental Administrative hearing." (R. 191.) ALJ Marcy issued his decision denying benefits at step five of the sequential evaluation process. (R. 200–207.) The following reflects a chronology of the events set forth above in narrative form:

| | |
|---|---|
| 02/18/93 | First administrative hearing (ALJ Bennett) |
| 06/02/93 | Consultative examination and report |
| 06/18/93 | Notice of consultative examination report (ALJ Bennett) |
| 06/21/93 | Claimant's demand that ALJ Bennett subpoena consultative examiner |
| 07/07/93 | Request by ALJ Bennett to send written interrogatories to examiner |
| 07/28/93 | Second administrative hearing (ALJ Bennett) |
| 12/23/93 | Denial of benefits at step four (ALJ Bennett) |
| 01/13/95 | Appeals Council denial of review |
| 10/05/95 | District Court sentence four remand |
| 11/06/95 | Appeals Council remand |
| 05/23/96 | Third administrative hearing (ALJ Marcy) |
| 08/30/96 | Denial of benefits at step five (ALJ Marcy) |
| 03/31/97 | Appeals Council denial of review |

In his decision, the ALJ assessed reduced weight to the McGovern report because he recognized that Dr. McGovern was not one of claimant's treating physicians. Although the ALJ claimed that he did not rely on the report, he stated that "it still remains as the only definitive finding with respect to the claimant's residual functional capacity...." and was consistent with the general conclusions and medical findings by claimant's treating physicians. (R. 204.) In part because of the ALJ's reliance on the report, claimant asserts that the ALJ's denial of his request to subpoena Dr. McGovern is legal error which operates to deny claimant his due process rights. Claimant bases his argument on the decision in *Allison v. Heckler*, 711 F.2d 145 (10th Cir.1983), in which the Tenth Circuit held that "[a]n ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." *Id.* at 147.

The *Allison* court expressly noted that the claimant in that case had no notice of the report, no opportunity to cross-examine the consultative physician (who never examined the claimant) and no opportunity to offer evidence in rebuttal. *Id.* Similarly, in *Goree v. Callahan*, 964 F.Supp. 1533 (N.D.Okla. 1997) (cited by claimant), it was specifically noted that the ALJ ignored the claimant's request to subpoena a doctor who submitted a post-hearing report without ever having examined the claimant. The ALJ relied upon the report and issued an opinion without any opportunity for claimant to submit interrogatories to the doctor, without any further communications with claimant, without any additional hearings and without any opportunity for the claimant to rebut the evidence contained in the doctor's report. *Id.* at 1536–37.

In this matter, the claimant had notice of the report prior to the second hearing before ALJ Bennett. Thus, the report is not truly a "post-hearing" report. Claimant's representative objected to the limited amount of time that he had to prepare due to ALJ Bennett's late mailing of the July 7, 1993 letter, but he declined ALJ Bennett's offer of additional time. (R. 49–52.) Regardless of any timing problem, claimant had the report three years before the third hearing, and he had ample time to review the report and present rebuttal evidence before the third hearing. Claimant thus had two additional opportunities to rebut the evidence at hearing, and indeed, he attempted to do so in both the second and third administrative hearings by offering his own testimony about Dr. McGovern's examination.

It should be noted that neither ALJ in this matter ever affirmatively denied claimant the opportunity to cross-examine the consultative examiner. ALJ Bennett specifically gave claimant the opportunity to rebut the evidence by sending interrogatories to the consultative examiner.[4] If claimant deemed Dr.

4. As in *Mills v. Chater*, 70 F.3d 1282, 1995 WL 681483 (10th Cir. Nov.2, 1995), the claimant in this matter was notified of the ALJ's intent to rely upon a post-hearing medical report, the claimant received a copy of the report, and the claimant was afforded the opportunity to respond to it with a written statement, additional evidence, and questions to be given to the author of the report. *Id.* at 2 n. 1. Unlike the claimant in *Green v. Shalala*, 17 F.3d 1436, 1994 WL 60384 (10th Cir. March 1, 1994), claimant in this case was offered the opportunity to submit interrogatories and, if the interrogatories proved insufficient, to explain to the ALJ why cross-examination was necessary. Further, claimant in *Green*

McGovern's responses to the interrogatories insufficient, he could have made an effort to show that a subpoena to cross-examine Dr. McGovern was necessary. Instead, claimant repeatedly demanded an opportunity to cross-examine without ever sending interrogatories or otherwise showing the ALJ why the report could not be challenged without issuing a subpoena. Accordingly, the specific legal issue is whether a social security disability benefits claimant has an absolute right to force the ALJ to subpoena for cross-examination the author of any medical report, or if, under the regulations, the decision is within the sound discretion of the ALJ. If the Court determines that the right is not absolute, then the Court must determine if the ALJ in this instance abused his discretion by denying claimant's request to subpoena the consulting examiner for cross-examination. The *Allison* holding would seem to permit the ALJ to exercise discretion and refuse to issue a subpoena where cross-examination is not "reasonably necessary to the full development of the case." *See* 20 C.F.R. §§ 404.950(d), 416.1450(d).

While some courts have erroneously assumed that *Allison* confers an absolute right to cross-examination, *see Flatford v. Chater*, 93 F.3d 1296, 1300 n. 3 (6th Cir.1996), this Court does not read *Allison* to confer such a right upon claimant. The circuit courts of appeal appear to be split on the issue of whether social security claimants have an absolute right to cross-examine the author of an adverse report. Several have held that the decision to issue a subpoena to cross-examine a consulting physician at a social security hearing is within the sound discretion of the ALJ. *See Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir.1998); *Flatford v. Chater*, 93 F.3d 1296 (6th Cir.1996); *Demenech v. Secretary of Health and Human Servs.*, 913 F.2d 882 (11th Cir.1990); *Wallace v. Bowen*, 869 F.2d 187, 194 (3d Cir.1989); *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir.1983). By contrast, other circuit courts have held that claimants have an absolute right to subpoena witnesses for cross-examination in social security hearings. *Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir.1990), *cert. denied*, 500 U.S. 959, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *Coffin v. Sullivan*, 895 F.2d 1206 (8th

Cir.1990); *Lonzollo v. Weinberger*, 534 F.2d 712 (7th Cir.1976). The right to subpoena and cross-examine discussed in these cases often depends on whether the report at issue was rendered before or after the hearing, and, if after the hearing, whether the claimant was given notice of the report and a meaningful opportunity to rebut the evidence by means other than cross-examination. The courts appear to construe a "meaningful" opportunity as something more than the opportunity to comment on the post-hearing report or to offer a written statement about the facts and law in the case.

In perhaps the strongest case in favor of an absolute right to a subpoena, *Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir.1990), *cert. denied*, 500 U.S. 959, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991), the ALJ refused the claimant's request to submit a second set of interrogatories and to cross-examine an examining physician. The Fifth Circuit held that a claimant requesting a subpoena of a reporting physician has an absolute due process right to cross-examination. 911 F.2d at 1077. The *Lidy* court expressly declined to address the argument that 20 C.F.R. § 404.950(d) permits an ALJ to refuse a request for a subpoena of a witness whose testimony is not shown by the claimant to be "reasonably necessary for the full presentation of the case." 911 F.2d at 1077. In *Coffin v. Sullivan*, 895 F.2d 1206 (8th Cir.1990), the Eighth Circuit held that a claimant waived his right to cross-examination of a vocational expert by not responding or objecting to proposed and answered interrogatories. However, the court appeared to assume that, for due process purposes, claimants must be given the opportunity to subpoena and cross-examine report authors. *Id.* at 1212 (relying upon *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). The Seventh Circuit made the same assumption and held that an ALJ's reliance on a post-hearing report without giving the claimant an opportunity to rebut the report or cross-examine the reporting physician violated due process. *Lonzollo v. Weinberger*, 534 F.2d 712, 714–15 (7th Cir.1976). The *Lonzollo* claimant

was not afforded additional hearings to rebut the evidence.

was given an opportunity merely to comment on the report or to submit a further written statement as to the facts and the law. *Id.* The opinion does not indicate that he was given an opportunity to submit interrogatories and then to show that cross-examination would still be necessary.

In three cases where circuit courts found that the ALJ has discretion to issue a subpoena for cross-examination of a physician, the courts nonetheless held that claimants were deprived of due process rights. In *Demenech v. Secretary of the Dept. of Health and Human Servs.*, 913 F.2d 882 (11th Cir. 1990), the medical report at issue before the Eleventh Circuit contradicted all other medical evidence in the case, and the claimant was permitted to object to the report only by way of affidavit. *Id.* at 884–85. The Ninth Circuit held that the ALJ abused his discretion because the physician was a "crucial" witness whose findings substantially contradicted other medical testimony and the physician's responses to interrogatories were "cursory and unilluminating." *Solis v. Schweiker*, 719 F.2d 301 (9th Cir.1983). In this instance, Dr. McGovern's report did not substantially contradict other medical evidence and Dr. McGovern never had the opportunity to respond to interrogatories that claimant never sent. The *Solis* court stated that a "claimant in a disability hearing is not entitled to unlimited cross-examination, but rather 'such cross-examination as may be required for a full and true disclosure of the facts.' 5 U.S.C. § 556(d). The ALJ therefore, has discretion to decide when cross-examination is warranted." *Id.* at 302.

■ In *Wallace v. Bowen*, 869 F.2d 187, 194 (3rd Cir.1989), the ALJ permitted the claimant to object by submitting written comments about the post-hearing evidence, a written statement as to the facts and law in the case, or additional evidence not previously supplied. Indeed, it appears that the practice among ALJs before many of these cases was to send a standard form letter to claimants informing them of these three options without also informing them of their right, as set forth in 20 C.F.R. §§ 404.950(d), 416.1450(d), to subpoena the authors of the reports. Given these decisions, this Court does not deem it an abuse of discretion for an ALJ to require claimants to at least attempt to rebut the evidence by written means before requesting an opportunity to cross-examine, and to include in such their requests the reasons why the written responses they receive warrant an opportunity for cross-examination as well.

Significant to the outcome in this matter are the supplemental hearings that occurred after Dr. McGovern's report was provided to claimant. "It may be that different considerations apply to cross-examination with respect to post-hearing evidence than pre-hearing evidence because the applicant may find it more difficult to respond effectively to post-hearing reports in the absence of an opportunity to present live rebuttal evidence." *Wallace*, 869 F.2d at 194. Indeed, different considerations did apply where pre-hearing evidence was at issue in a similar case before the Second Circuit. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir.1998). There, a claimant requested that the ALJ subpoena a treating physician who had rendered reports before two different administrative hearings. The ALJ refused both before and after an Appeals Council remand. The Second Circuit held that a claimant did not have an absolute due process right to subpoena a treating physician for an administrative hearing. *Id.* at 111. The *Yancey* court relied heavily on the *Flatford* opinion from the Sixth Circuit, in which the court held that "an absolute right to cross-examination is not required in the social security disability benefits cases for the development of a complete record." 93 F.3d at 1307.

The *Flatford* court followed the analysis set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976),[5]

---

5. The Supreme Court's general framework for analysis, as set forth in *Mathews*, requires consideration of three factors when determining whether an administrative procedure constitutes a denial of due process: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. at 335, 96 S.Ct. 893.

noting (1) the claimant's interest in a meaningful opportunity to present his cases and a fair determination of whether he was qualified for disability benefits; (2) the minimal risk of an erroneous deprivation of that interest due to inaccurate medical information or biased opinions (especially given the non-adversarial nature of administrative adjudications); and (3) the costs of paying reporting physicians to testify and the likely decline in physicians willing to report if they knew that a subpoena will follow every report. *Flatford,* 93 F.3d at 1306. The Second Circuit agreed "that practical concerns strongly militate against adopting a rule establishing an absolute right to subpoena reporting physicians. We are particularly concerned that to accept, as a matter of law, that a disability claimant has an absolute right to subpoena a reporting physician would unnecessarily increase the financial and administrative burdens of processing disability claims while diluting the ALJ's discretion in how he develops the record." *Yancey,* 145 F.3d at 113.

 This Court finds the more recent opinions of the Second and Sixth Circuits to be better-reasoned and more persuasive, given the facts at issue in this case, than those holding that the right to cross-examine is absolute. Due process requires that a social security hearing be "full and fair." *Richardson v. Perales,* 402 U.S. 389, 401–402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It does not require cross-examination of medical report authors, in every case, for the Commissioner's procedures to be fair to the claimant or to achieve full disclosure of all facts relevant to the determination of disability. " 'Due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Mathews,* 424 U.S. at 334, 96 S.Ct. 893 (citation omitted).

 In *Mathews,* the Supreme Court held that due process did not require a pre-termination evidentiary hearing. The Court recognized that such a hearing would not greatly increase the accuracy of the decision by the Social Security Administration. Due process for social security applicants requires that claimant be given notice and an opportunity to be heard. *Id.* at 348–49, 96 S.Ct. 893.

*See also* 42 U.S.C. § 405(b)(1), which provides:

> Upon request [by any individual receiving an unfavorable decision or other person named in the statute] ... who makes a showing in writing that his or her rights may be prejudiced by any decision the Commissioner of Social Security has rendered, the Commissioner shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse the Commissioner's findings of fact and such decision.

The McGovern report constitutes "evidence adduced at the hearing" since claimant testified in rebuttal to it at the second and third hearings. In addition, claimant was permitted to submit additional medical evidence from doctors who were not subpoenaed and did not testify at the third hearing. 20 C.F.R. § 404.953(a) requires that "the administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The decision must be based on evidence offered at the hearing *or otherwise included in the record.*" (emphasis added.) There is no dispute that the report was introduced and made a part of the hearing record at the second hearing.

Claimant had ample time and opportunity to present medical evidence to support his claim of disability and to rebut the evidence tendered by Dr. McGovern. The ALJ heard claimant's testimony and reviewed every exhibit. He thoroughly discussed all of the relevant medical reports and conducted an analysis pursuant to *Luna v. Bowen,* 834 F.2d 161, 165 (10th Cir.1987), of claimant's alleged pain and limitations. (R. 202–04.) The ALJ had no reason to believe that Dr. McGovern's report was inaccurate or biased (other than the suggestion of claimant's representative) or that a subpoena to Dr. McGovern would have added anything of value to the proceedings. The procedures adopted by the Commissioner in this matter gave claimant notice of the report and an opportunity to be heard by submitting interrogatories, and, if those proved insufficient, then to

ask for a hearing to cross-examine the author of the report. That procedure was adequately tailored to insure a meaningful opportunity for claimant to present his case. Under the circumstances present in this matter, the Court cannot say that claimant was deprived of due process. The Court finds that the ALJ's refusal to subpoena Dr. McGovern does not constitute an abuse of discretion.

## VI. *CONCLUSION*

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. The decision is **AFFIRMED.**