Josephine GULLO, Plaintiff-Appellant,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 184, Docket 79–6107.

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1979.

Decided Nov. 7, 1979.

Kalman Finkel, The Legal Aid Society, Civil Division, New York City (David Goldfarb, The Legal Aid Society, Bronx, New York City, of counsel), for plaintiff-appellant.

Rodger C. Field, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., and Harvey M. Stone, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., of counsel), for defendant-appellee.

Before KAUFMAN, Chief Judge, and FEINBERG and SMITH, Circuit Judges.

PER CURIAM:

In December 1976, Josephine Gullo, then a 59 year-old garment worker, sustained a fracture of a bone in her left foot. She filed for Disability Insurance and Supplemental Security Income benefits under the Social Security Act, 42 U.S.C. §§ 416(c), 423 & 1381a, and after denial of her request, her applications were reviewed by an Administrative Law Judge. Physicians' reports introduced in evidence noted a continuous improvement in Mrs. Gullo's condition, although all agreed that she could not return to work.

The Administrative Law Judge reserved decision and ordered Mrs. Gullo to submit to an examination by an orthopedist, Dr. Irwin Miller. After Dr. Miller submitted a report concluding that Mrs. Gullo was capable of

limited work activity, the Judge denied her claim, finding her not "disabled" within the meaning of 42 U.S.C. §§ 423(d) or 1382c. The claimant was never given an opportunity to examine or challenge Dr. Miller's report prior to the decision denying her claim. Both the HEW Appeals Council and the District Court below affirmed the Administrative Law Judge's decision.

 Social Security claimants must receive "a reasonable opportunity for a fair hearing," 20 C.F.R. § 416.1441, and, if a hearing is held, the Secretary's decision must be based upon evidence adduced at the hearing, 42 U.S.C. § 405. Nonetheless, physician's reports despite their hearsay character are generally admissible if submitted prior to the administrative hearing, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Secretary's reliance upon such reports, however, has been held to invalidate a decision denying benefits where the claimant was afforded no opportunity to subpoena and cross-examine the declarant. *Lonzollo v. Weinberger*, 534 F.2d 712 (7th Cir. 1976); *see* 20 C.F.R. § 404.926. The procedures utilized in the case at bar denied the claimant any opportunity to rebut Dr. Miller's report, and, since the hearing judge's substantial reliance upon the Miller report is clear, due process has been denied. Consequently, we view with some alarm the Secretary's confident assertion that "it is not uncommon for the ALJ to receive reports subsequent to the administrative hearing," especially if such unchallenged submissions supply the basis for decision.[1]

Accordingly, the judgment of the district court is reversed and the case remanded to the Secretary for further proceedings consistent with this opinion.

---

1. Mrs. Gullo's claim that she had a right to a homebound hearing before the Administrative Law Judge is premature since she failed to make a timely request that the Secretary provide such a hearing. *See* 20 C.F.R. § 404.923.