Mary PIDGEON, Plaintiff,

v.

**HEALTH AND HUMAN SERVICES,**
Defendant.

Civ. A. No. 78–71520.

United States District Court,
E. D. Michigan, S. D.

Aug. 7, 1980.

Robert W. Howes, Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich., for plaintiff.

Hayward L. Draper, Asst. U. S. Atty., Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action for judicial review of a final decision of Health and Human Services denying the plaintiff's application for the establishment of a period of disability and for disability insurance benefits under the Social Security Act.

On March 2, 1976, the plaintiff filed an application for a period of disability and for disability insurance benefits alleging that as of December 31, 1973, at the age of 51, she was no longer able to work. The application was initially denied, and the plaintiff then appeared before an administrative law judge who considered the case *de novo*. On January 24, 1978, he decided that the plaintiff was not under a disability. On May 5, 1978, with the approval of the Appeals Council, it became the final decision of the Secretary of Health and Human Services.

The plaintiff subsequently filed a civil action. This court remanded the case to the Secretary for further proceedings in order to acquire consultative orthopedic and psychiatric examinations, as well as vocational testimony with respect to the plaintiff's residual capacities. The matter was heard before an administrative law judge who again denied the plaintiff's claim. On January 31, 1980, when the Appeals Council also denied the claim, it became the final decision of the Secretary. The matter is presently before this court on cross motions for summary judgment.

At issue in this case is the plaintiff's claim that the administrative law judge denied her due process by refusing to issue a subpoena to enable the plaintiff to cross examine a psychiatrist whose opinion was relied upon by both the administrative law judge and the Appeals Council.

Initially, this court finds that both the administrative law judge and the Appeals Council did in fact rely upon the opinion of Dr. Forrer. The administrative law judge stated:

In particular, the administrative law judge notes that Dr. Everett found no orthopedic impairment and Dr. Forrer found no psychiatric impairment (besides moderate trait anxiety) on examination of the claimant. In fact, their assessments of the claimant's residual functional capacity fully supports a finding that the claimant has the physical and mental capacity to presently do her former work.

This fundamental reliance upon Dr. Forrer's report is shown further on in the opinion when the administrative law judge said:

Rather, the administrative law judge must conclude the claimant is exaggerating her complaints for a myriad of reasons as indicated in Dr. Forrer's report.

As noted by the administrative law judge, counsel objected to the use of Dr. Forrer's opinion and requested that a subpoena be issued permitting him to cross examine Dr. Forrer or in the alternative that a deposition taken of Dr. Forrer in an unrelated case be submitted as an exhibit to indicate the conservative psychiatric philosophy of the doctor. In this manner, he hoped to undermine the testimony of the doctor in this case. The administrative law judge refused to issue the subpoena and refused to receive the exhibit. In the process, he attempted to distinguish the case of *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), stating:

As I understand the ruling in the *Perales* case, counsel has the right to request the presence of a consulting physician at the hearing for the purpose of examining him on the findings set forth in the physician's report. To allow the subpoena to be issued to have physicians present in the hearing to examine their philosophical views in their field of medicine, would clearly be beyond the scope of the *Perales* doctrine, and also constitute a fishing expedition that would serve no useful purpose.

*Perales* holds that it is not necessary to call doctors to testify; that it is appropriate for the administrative law judge to rely upon the written reports of the doctors. The use of the written report, however, is not without some limitation and is predicated on the fact that the claimant did not in that case exercise his right to subpoena the reporting physician, and thereby provide himself with an opportunity for cross examination of the physician.

In its acknowledgement of the statutory right in such situations to subpoena and cross examine,[1] the Court said, "This precisely fits the statutorily prescribed 'cross examination as may be required for a full and true disclosure of the facts.' That is the standard." 402 U.S. at 410, 91 S.Ct. at 1431.

Cross examination of the doctor to establish the psychiatric philosophy that formed the basis of his professional opinion could affect the weight given to her testimony, especially where, as here, there exists evidence of record to support the plaintiff's contentions.

The Supreme Court in *Perales* cited with approval the opinion of the court of appeals which noted the failure of the claimant in *Perales* to comply with the statutory requirements. In explaining the regulations, the court of appeals observed, "he could ask . . . that he might have the witness present. If this was refused, he would have a valid objection that could be urged on appeal." *Cohen v. Perales*, 412 F.2d 44, 51 (5th Cir. 1969).

This court holds that where an administrative law judge relies upon and bases his opinion upon the report of a doctor, due process requires that the party be given the right to subpoena that doctor for cross examination. *Gullo v. Califano*, 609 F.2d 649 (2d Cir. 1979); *Lonzollo v. Weinberger*, 534 F.2d 712 (7th Cir. 1976); *Memoli v. Califano*, 463 F.Supp. 578, 583 n.15 (S.D.N.Y. 1978).

For these reasons, the decision of the Secretary should be reversed and the mat-

1. 20 C.F.R. § 404.926 (1979).

ter remanded to the Secretary for further proceedings.

So ordered.