7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo WATKINS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1363.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Lorenzo Watkins appeals a district court order affirming the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On May 17, 1989, Watkins filed an application for social security disability benefits, alleging that he was disabled by back, vision and hearing problems. Following a hearing, an administrative law judge (ALJ) determined that Watkins was not disabled because he could perform a significant number of sedentary jobs. The Appeals Council vacated the ALJ's decision and remanded the case for a new hearing and decision. After a second hearing, the ALJ again determined that Watkins was not disabled because he could perform a significant number of sedentary jobs. Following the Appeals Council's affirmance of this ALJ decision, Watkins sought judicial review of the Secretary's determination. Over Watkins's objections, the district court adopted the magistrate judge's report and recommendation, determined that substantial evidence existed to support the Secretary's decision and granted summary judgment for the defendant.
 
 
 3
 Upon review, we determine that the district court improperly granted the defendant summary judgment. Following the second hearing, the ALJ obtained additional medical evidence from two doctors. Watkins's attorney provided a medical report from one of his treating physicians, Dr. McCollough. The ALJ also ordered that Watkins be examined by a Dr. Lee, who noted in his report following his examination of Watkins that he would find it beneficial to examine the results of a CT scan previously performed upon Watkins. The ALJ provided a copy of this medical report to Watkins attorney, who then filed a three-page letter arguing that Dr. Lee's report was consistent with the reports of other doctors who had treated Watkins and, therefore, supported the conclusion that Watkins was disabled. Dr. Lee subsequently filed a supplemental report regarding Watkins's condition. Significantly, this report recommends that Watkins undergo another CT scan to determine if he has a focal serial herniation of disks at L5-S1. Additionally, the supplemental report stated Dr. Lee's opinion regarding Watkins's residual functional capacity, including his conclusion that Watkins could occasionally lift up to fifty (50) pounds. It is undisputed that the ALJ did not provide Watkins or his attorney with a copy of this supplemental report.
 
 
 4
 While the Secretary may consider evidence obtained post-hearing, see generally Lawson v. Secretary of Health and Human Servs., 688 F.2d 436, 439-40 (6th Cir.1982), the claimant must be given an opportunity to review the evidence and, if desired, an opportunity to cross-examine the authors, or to rebut such a report. See Wallace v. Bowen, 869 F.2d 187, 190-92 (3d Cir.1988); Townley v. Heckler, 748 F.2d 109, 114 (2d Cir.1984); Allison v. Heckler, 711 F.2d 145, 147 (10th Cir.1983); Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir.1981); Gullo v. Califano, 609 F.2d 649, 650 (2d Cir.1979) (per curiam).
 
 
 5
 As the ALJ did not provide Watkins an opportunity to review or rebut Dr. Lee's supplemental report, we conclude that the Secretary violated Watkins's due process rights. Further, Watkins's counsel had vigorously rebutted any evidence in Dr. Lee's first report which could be construed as indicating that Watkins was not disabled. Consequently, it is likely that Watkins's attorney would have filed additional material attempting to rebut Dr. Lee's supplemental report, especially his conclusion regarding Watkins's residual functional capacity.
 
 
 6
 Further, we note that the ALJ relied on Dr. Lee's supplemental report in reaching his conclusion. On pages four and five of his decision, the ALJ summarizes the contents of Dr. Lee's reports.[1] Indeed, the ALJ highlights Dr. Lee's conclusion in the supplemental report that Watkins is capable of occasionally lifting 50 pounds. The ALJ also refers to exhibit 27, Dr. Lee's supplemental report, on page six of his decision. Lastly, the ALJ relies on Dr. Lee's determination in his supplemental report that Watkins can occasionally lift up to 50 pounds as the final piece of medical evidence to support the ALJ's conclusion that Watkins is not disabled.
 
 
 7
 Accordingly, we vacate the district court's judgment and remand the case to the Secretary for proceedings consistent with this opinion. Rule 9(b)(3), Rules of the Sixth Circuit. Nothing in this decision should be construed as an opinion regarding the ultimate merits of Watkins's claim.
 
 
 
 [1]
 We also note that the ALJ refers to Dr. Lee's supplemental report as duplicative of his first report. This conclusion is not accurate. In the supplemental report, Dr. Lee recommends that Watkins receive a new CT scan; more importantly, Dr. Lee rendered an opinion regarding Watkins's residual functional capacity. Neither of these statements is given in his first report