**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD J. YOUNT,

        Plaintiff - Appellant,

 v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 04-7108

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 03-CV-485-W)**

Submitted on the briefs:

Jennifer A. Johnson, Troutman and Troutman, P.C., Tulsa, Oklahoma for
Appellant.

Sheldon J. Sperling, United States Attorney, Cheryl R. Triplett, Assistant United
States Attorney, Office of the United States Attorney, Muskogee, Oklahoma; Tina
M. Waddell, Regional Chief Counsel, Michael McGaughran, Deputy Regional
Chief Counsel, Mary F. Lin, Assistant Regional Counsel, Office of General
Counsel, Region IV, Social Security Administration, Dallas, Texas for Appellee.

Before **SEYMOUR**, **KELLY**, and **MURPHY**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Leonard J. Yount appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security benefits.[1] Yount filed applications for disability insurance benefits and supplemental security income benefits on January 31, 2002. He alleged disability based on degenerative disc disease and osteoarthritis. The agency denied his application initially and on reconsideration.

On March 12, 2003, Mr. Yount received a *de novo* hearing before an administrative law judge (ALJ). He testified at the hearing that he could not afford to see a doctor because he did not have medical insurance. At the close of the hearing, Mr. Yount's attorney and the ALJ discussed the fact that there was a lack of medical evidence in the record. Mr. Yount's attorney requested that the Social Security Administration provide for a medical exam for Mr. Yount. The ALJ acknowledged his duty to develop the record and stated that the request was reasonable. The ALJ agreed to order a medical exam for Mr. Yount. On April 16, 2003, Mr. Yount was examined by Dr. Dougherty, an agency consultative examiner.

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In a letter dated May 6, 2003, the ALJ notified Mr. Yount's attorney that he proposed to enter Dr. Dougherty's report and copies of Mr. Yount's x-rays into the record. The ALJ informed Mr. Yount that, in response to this additional evidence, Mr. Yount could either submit written comments or questions, or request a supplemental hearing. Mr. Yount's attorney responded on May 8, 2003 and requested a supplemental hearing. In addition, the attorney mentioned in the letter that she was interested in finding out if Dr. Dougherty had seen the x-rays when he examined Mr. Yount. The ALJ did not respond to the request for a supplemental hearing. On May 30, 2003, the ALJ issued an unfavorable decision. In his decision, the ALJ acknowledged Mr. Yount's request for a supplemental hearing, and provided the following rationale to support his denial:

> After viewing the consultative physical examination report, the claimant's attorney requested a supplemental hearing, primarily to ask Dr. Daugherty [sic] if he saw the x-rays when he examined the claimant. Based on the fact that most doctors rely on a report and do not actually see x-rays, the Administrative Law Judge finds that Exhibit 4F is a reasonable report and accepts these findings. The request for a supplemental hearing is, therefore, denied.

Aplt. App., Vol. II, at 22.

The district court affirmed the ALJ's decision. On appeal, Mr. Yount contends that the ALJ's reliance on a post-hearing medical report denied him due process because he had no opportunity to cross-examine the physician or rebut the report. We agree and reverse.

Social security hearings are subject to procedural due process considerations. *Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971)). We have held that "[a]n ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." *Allison*, 711 F.2d at 147. In affirming the ALJ's decision, the district court concluded Mr. Yount was not denied due process because he had failed to provide a statement of the important facts expected to be proven at the supplemental hearing and the reason why those facts could not be proven without a hearing. Significantly, however, nothing in the ALJ's letter to Mr. Yount regarding his right to request a supplemental hearing indicated he was required to provide such a statement. Rather, the ALJ's letter stated that Mr. Yount could, in part, submit to the ALJ written questions to be posed to the author of the medical report. He could

> *also* request a supplemental hearing at which [he] would have the opportunity to appear, testify, and submit additional evidence and written or oral statements concerning the facts and law. In addition, [he could] request an opportunity to orally question witnesses, including the author(s) of the [medical] report(s).
> . . . .
> *If* **[the ALJ] grant[ed the] request for a supplemental hearing**, [he could] request that the [ALJ] issue a subpoena to require the attendance of witnesses or the submission of records. [He] must submit a subpoena request, in writing, no later than 5 days before the date of the supplemental hearing. *Any request that [the ALJ] issue a subpoena must provide* the names of the witnesses or documents to

-4-

be produced; the address or location of the witnesses or documents with sufficient detail to find them; *a statement of the important facts that the witness or document is expected to prove; and the reason why these facts cannot be proven without issuing a subpoena.*

Aplt. Br. at 8 (emphasis added). Contrary to the district court's determination that Mr. Yount was required to show good cause for a supplemental hearing by detailing the facts expected to be proven at the hearing and why they could not be otherwise established, the notice provided to Mr. Yount indicated that he need merely ask for a supplemental hearing. The good cause requirement is triggered only if the ALJ granted a supplemental hearing and Mr. Yount thereafter wished the ALJ to issue subpoenas.

The notice provided to Mr. Yount detailing what he was required to do in order to request a supplemental hearing in no way commanded that he make a good cause showing. As referenced above, social security hearings must comport with the procedural due process requirements of notice and hearing. *See Allison*, 711 F.2d at 147. Hence, the district court's affirmation of the ALJ's decision on the ground that Mr. Yount failed to make a good cause showing for the supplemental hearing was in error because Mr. Yount was not given notice of such a requirement.

On appeal, the Commissioner asserts that Mr. Yount is essentially claiming he has an absolute right to cross-examine Dr. Dougherty. We do not view that as an accurate characterization of claimant's position. Mr. Yount has consistently

argued that due process requires the agency to provide him an opportunity to cross-examine the physician *or* rebut the report; he is not arguing that there is an absolute right to cross-examination. Alternatively, the Commissioner contends Mr. Yount sought a supplemental hearing for the sole purpose of cross-examining Dr. Dougherty to determine if he actually saw Mr. Yount's x-rays. Mr. Yount's attorney did mention in the letter to the ALJ requesting a supplemental hearing that she was interested in finding out whether Dr. Dougherty had seen the x-rays, but she did not indicate that was the sole purpose for her request for a hearing.

The ALJ acknowledged there was insufficient medical evidence in the record and ordered a consultative exam for Mr. Yount. After receiving the report, however, the ALJ failed to give Mr. Yount a meaningful opportunity to address the post-hearing evidence. Mr. Yount's attorney was not able to rebut the report or to cross-examine the doctor, the vocational expert, or Mr. Yount in light of the additional evidence presented. Under these circumstances, the ALJ's reliance on Dr. Dougherty's post-hearing report violated Mr. Yount's due process rights by denying him a full and fair hearing. *See id.* Accordingly, we REVERSE the judgment and REMAND the case for further proceedings.