FILED
United States Court of Appeals
Tenth Circuit

August 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD C. TAYLOR,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 11-1499
(D.C. No. 1:10-CV-01891-PAB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Ronald C. Taylor applied for disability and supplemental security income

benefits, claiming he was disabled by various physical and mental conditions. An

administrative law judge ("ALJ") held a hearing, referred Mr. Taylor to a

consultative examiner, and determined after another hearing that Mr. Taylor was not

disabled because he could perform work that exists in significant numbers in the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

national economy. Mr. Taylor challenged the Commissioner's decision in the district court, but the district court upheld the denial of benefits. For the following reasons, we exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

The ALJ found that Mr. Taylor suffers from the following severe impairments: abdominal pain and diarrhea status post stab wound; pain and limited motion of the right third finger status post bite injury; left arm and hand numbness status post fractures of the left second and third fingers; post-traumatic stress disorder; depression; and dementia. After a hearing, the ALJ referred Mr. Taylor for a consultative examination performed by Dr. Michael Finch, an internist. Thereafter, and with Dr. Finch's findings, the ALJ held a supplemental hearing and determined at step five of the five-step sequential evaluation process, *see* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Mr. Taylor was not disabled because he retained the residual functional capacity to perform work existing in significant numbers in the national economy. The Appeals Council denied review, and the district court affirmed the denial of benefits.

Now on appeal, Mr. Taylor argues that the ALJ: (1) violated his due process rights by selecting a consultative examiner without his input; (2) improperly rejected his treating physicians' opinions; (3) failed to develop the record; and (4) incorrectly determined that there is a significant number of jobs in the national economy that he can perform.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). We do not, however, reweigh the evidence or substitute our judgment for the Commissioner's. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Taylor first claims his due process rights were violated by the procedure used to select a consultative examiner. The district court explained, however, that an ALJ "has broad latitude in ordering consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). Any concerns Mr. Taylor had with Dr. Finch's qualifications could have been addressed at the supplemental hearing, which afforded Mr. Taylor a "meaningful opportunity to address the post-hearing evidence." *Yount v. Barnhart*, 416 F.3d 1233, 1236 (10th Cir. 2005). Mr. Taylor insists that Dr. Finch's report was deficient because it did not specify the basis for the doctor's findings, particularly regarding Mr. Taylor's fine motor skills, but the report was based on the doctor's complete physical exam and review of Mr. Taylor's medical records; and it was substantial evidence because it detailed Mr. Taylor's abilities, including his hand strength, fine motor skills, and range of motion. *Cf. Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (holding that "evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence"). We perceive no due process violation.

Mr. Taylor's second argument---that the ALJ failed to give controlling weight to his treating physicians' opinions---was also correctly rejected. The disputed opinions concerned whether Mr. Taylor was disabled, which is an issue reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(d)(1) & 416.927(d)(1). Mr. Taylor also cites a report from a licensed professional counselor, but such evidence is not from an "acceptable medical source" subject to the treating source rule. *See* 20 C.F.R. §§ 404.1513 & 416.913; *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).[1]

---

[1] Mr. Taylor also seems to be challenging the ALJ's treatment of his Global Assessment Functioning ("GAF") scores. But the only argument he provides is an excerpt from the ALJ's decision and the following passage from his brief:

> This source thus stated that, in effect, Plaintiff's physical impairments outweighed his mental impairments, but without giving any explanation in such detail Defendant or this Court can review. Instead of Defendant fully developing this dearth, Defendant uses the statement to pay Defendant's fare to put Plaintiff on the "denial bus." Boiled down, Defendant claims he has "good cause" to reject as lacking any relevant basis any and all "naked" treating source opinions that Plaintiff *is* disabled, but all such naked opinions that Plaintiff *is not* disabled are "substantial evidence" to support Defendant's denial of the claim. However, Humpty Dumpty is not a recognized authoritative legal source. Defendant's behavior in this arena smack of impermissible "search and destroy" and cherry picking legal errors.

Aplt. Br. at 25-26 (footnote omitted). Counsel is reminded that an issue is waived if not adequately supported by "developed argumentation." *Wall*, 561 F.3d at 1065 (internal quotation marks omitted). Although we agree with the district court that the ALJ properly considered Mr. Taylor's GAF scores, we doubt this portion of Mr. Taylor's brief constitutes the sort of developed argumentation necessary to preserve appellate review.

Mr. Taylor's third argument is also unavailing. Notwithstanding the numerous reports and treatment notes received and considered by the ALJ, Mr. Taylor asserts the ALJ failed to develop the record. Again, however, we agree with the district court that the ALJ satisfied his obligation "to ensure that an adequate record is developed." *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007).

Finally, Mr. Taylor contends the ALJ erred at step five by finding that a significant number of jobs exist in the national economy which he is capable of performing. The ALJ (relying on a vocational expert's testimony) determined that Mr. Taylor could work such jobs as an assembler and small product assembler, positions that total 356,000 nationally, as well as a production inspector and checker, which total 141,000 jobs nationally. Mr. Taylor urges us to say these numbers are insignificant, but we have "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Nevertheless, as the district court explained, we have found far less than the number of jobs available here to be significant. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (observing that 152,000 jobs in the national economy has been deemed sufficient). Consequently, the ALJ did not err at step five.

Our analysis tracks the decision of the district court, which thoroughly and accurately evaluated Mr. Taylor's claims under the same standard that governs our review. Mr. Taylor advances no argument that requires us to alter or expand upon

the district court's decision. Therefore, having reviewed the parties' briefs, the relevant legal authority, and the entire administrative record, we AFFIRM the district court's judgment for substantially the same reasons stated in the district court's order dated July 28, 2011. Mr. Taylor has inappropriately attached to his reply brief a portion of some unrelated, unidentified administrative decision, which the Commissioner has moved to strike. Because this attachment is irrelevant and has no impact on our disposition, the motion to strike is DENIED.

Entered for the Court


Stephen H. Anderson
Circuit Judge